**Nikol CAKA, Arben Caka, Dava Caka, Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**Nos. 04–3032–ag to 04–3034–ag.**

United States Court of Appeals, Second Circuit.

April 25, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Charles Christophe, New York, NY, for Petitioners.

R. Alexander Acosta, United States Attorney, Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Emily M. Smachetti, Laura Thomas Rivero, Assistant United States Attorneys, Miami, FL, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioners Nikol Caka, Arben Caka, and Dava Caka petition for review of an order of the BIA affirming Immigration Judge ("IJ") Annette S. Elstein's decision denying Arben Caka's application for asylum and withholding of removal and ordering the Cakas's removal to Albania. *In re Arben Caka,* No. A77 560 098 (B.I.A. May 26, 2004), *aff'g* No. A77 560 098 (Immig. Ct. N.Y. City July 16, 2003). We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the

decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Even if an IJ's decision contains errors, this Court may nonetheless deny the petition for review if: (1) substantial evidence supports the error-free findings that the IJ made; (2) those findings adequately support the IJ's ultimate conclusion that the petitioner lacked credibility; and (3) despite the errors— considered in the context of the IJ's entire analysis—this Court can state with confidence that the IJ would adhere to his decision were the petition remanded. *Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (per curiam). We afford "particular deference" to an IJ's adverse credibility determination based on an alien's demeanor, "mindful that the law must entrust some official with responsibility to hear an applicant's asylum claim, and the IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant." *Zhou Yun Zhang v. INS*, 386 F.3d at 73.

■ Here, substantial evidence supports the adverse credibility findings made by the IJ. The IJ stated that Arben's testimony was "vague," "often not responsive," and prone to overstatement and speculation. There is evidence in the record supporting this assessment. In response to the question, "Why do you think that your brother's problems were still causing problems [for you] ... almost two years later?" Arben responded, "Scared is being scared. And they are scared themselves ... one day, things are going to be changed for them, as well." When the IJ questioned Arben as to how he knew that his brother, Nikolle, had been forced off the cliff by the two cars, Arben replied, "The whole world knows, not only me," and later stated, "The whole world doesn't lie." Additionally, the IJ properly noted that, although Arben had a brother living in the United States, that brother did not testify on Arben's behalf. Arben further failed to submit into evidence a statement from his father or from his sibling in Albania corroborating his account of persecution, even though Arben had testified that his father had born witness to threats against Arben. Finally, it was reasonable for the IJ to conclude that Arben's fear of persecution was diminished by the fact that Arben's "father and mother remain[ed] in Albania receiving a pension," and had experienced "no problems with any opposition groups" despite also belonging to the Democratic Party. As the IJ concluded, Arben is understandably concerned about the automobile death of his brother, which he suspects was deliberate, but the IJ did not err in finding that there was insufficient credible evidence that Arben himself has been persecuted for political activities or reasonably fears such persecution. The IJ stated that Arben's claim "approached the 'frivolous,'" although the IJ did not formally label the petition frivolous.

■ Accordingly, the IJ did not err in denying the application for asylum. Because asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang*, 386 F.3d at 71. The claim for withholding of removal was properly denied.

■ This Court lacks jurisdiction to review the Cakas's CAT claim, because the Cakas did not seek CAT relief in their hearings before the IJ. Their CAT claim is, therefore, unexhausted. *See* 8 U.S.C. § 1252(d).

Accordingly, the Cakas's petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.